IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL ALVARADO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-2297 |
| | § | |
| N. TATUM, ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER OF DISMISSAL**

Plaintiff, a state inmate at the time, filed this section 1983 lawsuit complaining of violations of his civil rights during his November 2007 arrest and booking through the Harris County Sheriff's Department. On July 10, 2009, defendants, through the Office of the City Attorney ("OCA"), filed a motion for summary judgment, sending a copy of the motion to plaintiff at his prison address. Plaintiff, however, was no longer in custody. On July 20, 2009, plaintiff appeared at the OCA and was provided a copy of the motion. The OCA subsequently filed an amended certificate of service, reflecting that plaintiff was served a copy of the motion on July 20, 2009, by hand-delivery. (Docket Entry No. 37.)

In its order of November 7, 2008, the Court ordered plaintiff to respond to any dispositive motions filed by defendants within thirty days of service of the motion. The Court warned plaintiff that his failure to respond timely to the motion may result in dismissal of his lawsuit for failure to prosecute. The Court's docket shows that, despite the expiration of over five months from the date of service, plaintiff has failed to respond, or request

additional time to respond, to the motion for summary judgment. As shown by the affidavit of an OCA employee (Docket Entry No. 38), plaintiff had complained while waiting at the OCA for his copy that he was "just now" receiving the motion and "only had a few days to respond." Thus, plaintiff was aware that he needed to respond to the motion within a certain period of time.

The Court finds that plaintiff was personally served with a copy of the motion on July 20, 2009, and, despite expiration of a reasonable period of time in excess of five months, has failed to comply with the Court's order to respond to the motion for summary judgment. The Court further finds that plaintiff's failure to respond to the motion reflects his lack of due diligence in prosecuting his case. *See Martinez v. Johnson*, 104 F.3d 769 (5th Cir. 1997) (affirming dismissal for want of prosecution based on inmate's failure to respond to a summary judgment motion as ordered by the district court).

Accordingly, this case is **DISMISSED WITHOUT PREJUDICE** for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on January 14, 2010.

Gray H. Miller
United States District Judge